USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   8/11/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SALVADOR DELAROSA,

              Plaintiff,

-against-

MV PUBLIC TRANSPORTATION, INC., MV
TRANSPORTATION, INC., VITTO T. TOCCO,
individually, STEVEN SANTIAGO, individually, and
DONNA SNOWDEN, individually,

              Defendants.

---

Case No. 19-cv-7393-GHW

**STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE
ORDER**

GREGORY H. WOODS, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

        1.      With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2.      The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a)      previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)      previously non-disclosed material relating to ownership or control of any non-public company;

(c)      previously non-disclosed business plans, product-development information, or marketing plans;

(d)      any information of a personal or intimate nature regarding any individual; or

(e)      any other category of information given confidential status by this Court after the date of this Order.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all

counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages

and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving

the transcript will be responsible for marking the copies of the designated transcript in their

possession or under their control as directed by the Producing Party or that person's counsel. During

the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it

had been designated Confidential.

5.        If at any time before the termination of this action a Producing Party realizes

that it should have designated as Confidential some portion(s) of Discovery Material that it previously

produced without limitation, the Producing Party may so designate such material by notifying all

Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of

the Discovery Material as Confidential. In addition, the Producing Party shall provide each other

Party with replacement versions of such Discovery Material that bears the "Confidential" designation

within two business days of providing such notice.

6.        Nothing contained in this Order will be construed as: (a) a waiver by a Party

or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or

(c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.        Where a Producing Party has designated Discovery Material as Confidential,

other persons subject to this Order may disclose such information only to the following persons:

(a)        the Parties to this action, their insurers, and counsel to their insurers;

(b)        counsel retained specifically for this action, including any paralegal, clerical,
           or other assistant that such outside counsel employs and assigns to this
           matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

8.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must

retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing

counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion

of the case, whichever comes first.

9.      This Order binds the Parties and certain others to treat as Confidential any

Discovery Materials so classified. The Court has not, however, made any finding regarding the

confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford

confidential treatment to any Discovery Material designated as Confidential hereunder. All persons

are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to

any Discovery Material introduced into evidence at trial, even if such material has previously been

sealed or designated as Confidential.

10.      In filing Confidential Discovery Material with this Court, or filing portions of

any pleadings, motions, or other papers that disclose such Confidential Discovery Material

("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential

Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's

Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the

Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this

Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that

seeks to file Confidential Discovery Material under seal must file an application and supporting

declaration justifying—on a particularized basis—the sealing of such documents. The parties should

be aware that the Court will unseal documents if it is unable to make "specific, on the record findings

. . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve

that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

11.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

12.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

13.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.     Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

17.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

18.     If, during the course of this litigation, a Producing Party determines that any documents it produced is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"), it may notify the Receiving Party of such inadvertent production in writing, and which request may also be delivered orally on the record at a deposition and promptly followed up in writing, to demand the return of such documents.  The Producing Party's written notice will identify the Protected Document inadvertently produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected

Documents that is consistent with the requirements of the Federal Rules of Civil Procedure and the

Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of

New York setting forth the basis for the claim of privilege or other protection.  In the event that

any portion of the Protected Document does not contain privileged or protected information, the

Producing Party shall also provide to the Receiving Party a redacted copy of the Document that

omits the information that the Producing Party believes is subject to a claim of privilege or other

protection.  The Receiving Party, upon receiving the Producing Party's written notification

described above, shall immediately refrain from reading the Protected Documents any more closely

than is necessary to ascertain that it is privileged or otherwise protected from disclosure, and shall

return, sequester, or destroy the Protected Document and any copies, along with any notes,

abstracts or compilations of the content thereof within five (5) days.

> (a)     In the event of a dispute, either Party may submit Protected Documents to the Court under seal, and in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases, for a determination of the claim of privilege or other protection.  Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, including if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within five (5) days of the Court's order.

19.     Any person in possession of another party's Confidential Discovery Material

shall maintain a written information security program that includes reasonable administrative,

technical, and physical safeguards designed to protect the security and confidentiality of such

Confidential Discovery Material, protect against any reasonably anticipated threats or hazards to the

security of such Confidential Discovery Material, and protect against unauthorized access to or use

of such Confidential Discovery Material.  If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Discovery Material, the Receiving Party shall:  (1) promptly provide written notice to the Producing Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide the Producing Party with assurances reasonably satisfactory to the Producing Party that such  breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach.

20.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.


/s/ Daniel S. Kirschbaum                                      /s/ Kelly C. Spina
Dated: August 3, 2020                                         Dated: August 3, 2020

SO ORDERED.


Dated:  August 11, 2020

GREGORY H. WOODS
United States District Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALVADOR DELAROSA, | Case No. 19-cv-7393 (GWH) |
| Plaintiff, | **NON-DISCLOSURE AGREEMENT** |
| -against- | |
| MV PUBLIC TRANSPORTATION, INC., MV TRANSPORTATION, INC., VITTO T. TOCCO, individually, STEVEN SANTIAGO, individually, and DONNA SNOWDEN, individually, | |
| Defendants. | |

I,_____, acknowledge that I have read and

understand the Protective Order in this action governing the non-disclosure of those portions of

Discovery Material that have been designated as Confidential. I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at the

conclusion of the litigation I will return all discovery information to the Party or attorney from

whom I received it. By acknowledging these obligations under the Protective Order, I understand

that I am submitting myself to the jurisdiction of the United States District Court for the Southern

District of New York for the purpose of any issue or dispute arising hereunder and that my willful

violation of any term of the Protective Order could subject me to punishment for contempt of

Court.


_____
Name:
Date:

1